RICHLAND & ASSOCIATES

ORIGINAL

FELIPA R. RICHLAND SBN 112458
8383 Wilshire Boulevard, Suite 708
Beverly Hills, CA 90211
323 651-5951 - Telephone
323) 651-1088 - Facsimile

Attorneys for Plaintiff,
GIANNI VERSACE, S.p.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **GL&NNI VERSACE, S.p.A.,** a Foreign Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>**EDMOND NAHOURAY,** an Individual; **M.E.R ENTERPRISES,** LLC a California Limited Liability Corporation , collectively *dba M.E.R ENTERPRISES and RN# 97823,* and DOES 1 through10, Inclusive,<br><br>Defendants. | CASE NO.: CV 06 - 3486 AHM (FFMx)<br><br>**CONSENT TO PERMANENT INJUNCTION; AND ORDER THEREON.**<br><br><br><br><br><br>COMPLAINT FILED: JUNE 7, 2006<br><br>TRIAL DATE: NOVEMBER 18 , 2008 |

Plaintiff, GIANNI VERSACE, S.p.A., a Foreign Corporation ("VERSACE") and M.E.R ENTERPRISES, LLC a California Limited Liability Corporation, hereby consent to the following Permanent Injunction:

**WHEREAS,** VERSACE owns the VERSACE Trademarks referenced herein;

WHEREAS, based upon VERSACE's good faith prior use of the VERSACE Trademarks, VERSACE has superior and exclusive rights in and to the VERSACE Trademarks in the United States and any confusingly similar names or marks;

WHEREAS, VERSACE Trademarks registered, at issue in this matter, and on file with the United States Patent and Trademark Office are famous and distinctive; and

WHEREAS, this Court has jurisdiction over the party to this action and over the subject matter hereof pursuant to 15 USC 1121(a) and 28 USC 1331, 1338(a) and (b), and 28 USC 1367,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant *M.E.R ENTERPRISES, LLC,* its parents, subsidiaries, related entities, divisions, officers, owners, shareholders, employees, affiliates, servants, representatives, agents, predecessors, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under their direction and control or in active concert or participation with them, are immediately and permanently enjoined throughout the world from directly or indirectly infringing, counterfeiting, or diluting the VERSACE Trademarks or any marks similar thereto, as identified in Exhibit `A' of the Complaint and on Registry with the United States Patent & Trademark Office (www.uspto.gov ), in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said trademarks and specifically from:

   (A)   Imitating, copying or making unauthorized use of any or all of the GIANNI VERSACE trademarks or trade dress;

   (B)   Importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, displaying, selling, and/or offering for sale, any non-genuine product bearing any simulation, reproduction, counterfeit, copy, phonetically similar sounding words, or colorable imitation or reproduces, or utilizes the likenesses of or which copy or are likely to cause consumer confusion with any of the VERSACE trademarks or trade dress;

///

(C) Manufacturing, distributing, selling or offering for sale or in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce or utilize the likenesses of, or which are likely to cause consumer confusion with any of the VERSACE trademarks;

(D) Using any false designation of origin, false description, including words, symbols or any trademark, trade name, trade dress, logo or design tending to falsely describe or represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that unauthorized merchandise manufactured, distributed, advertised, sold and/or offered for sale by Defendants originate from VERSACE, or that said merchandise has been sponsored, authorized, endorsed, approved, licensed by, associated, or is in any way connected or affiliated with VERSACE;

(E) Transferring, consigning, selling, shipping or otherwise moving any non-genuine VERSACE goods, packaging or other materials in the Defendants' possession, custody or control bearing a design, or mark substantially identical to or confusingly similar with or any or all of the GIANNI VERSACE trademarks or trade dress;

(F) Diluting and infringing the VERSACE trademarks and damaging VERSACE's goodwill, reputation and businesses;

(G) Otherwise unfairly competing with GIANNI VERSACE, S.p.A., or its subsidiaries or affiliated companies;

(H) Passing off or selling any products which are not entirely genuine VERSACE products as and for VERSACE products, including products utilizing VERSACE labels, packaging or containers that have been in any way modified without the written permission of VERSACE;

(I) Applying to the United States Patent & Trademark Office for the registration of any trademark that is a colorable imitation of any or all of the GIANNI VERSACE trademarks, or confusingly similar mark, trade name, trade dress, logos or design;

(J) Using the VERSACE trademarks or any such reproduction, counterfeit, copy, or colorable imitation in connection with the manufacture, importation, distribution, advertising, publicity, sale and/or offering for sale, of any other merchandise not referred to above; and

(K) Instructing, assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

2. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement, this Judgment, the enforcement thereof and the punishment of any violations thereof.

3. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

4. This Permanent Injunction shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5. All causes of action as between VERSACE and EDMOND NAHOURAY are hereby dismissed with prejudice.

6. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Judgment and the Settlement Agreement between the parties, and expressly retains continuing jurisdiction over this cause of action, *M.E.R ENTERPRISES, LLC* and EDMOND NAHOURAY.

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

7. The parties respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

8. Nothing in this Judgment shall be construed or deemed an admission by the parties, nor is there a finding by this Court, that the defendants actively engaged in any infringing conduct whether intentional, deliberate, willful, malicious or fraudulent, or otherwise.

9. This Judgment shall be deemed to have been served upon Defendants at the time of its entry by the Court.

**IT IS SO ORDERED.**

DATED: November 14, 2008

UNITED STATES DISTRICT JUDGE

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS